Filed 7/19/22 P. v. Tynsky CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095176 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF03287, 20CF03988) |
| v. | |
| CHRISTOPHER JOHN TYNSKY, | |
| Defendant and Appellant. | |

Defendant Christopher John Tynsky was convicted in separate prosecutions for, respectively, possession of a concealed dirk or dagger (Pen. Code, § 21310)[1] and possession of ammunition by a person prohibited from owning or possessing a firearm (§ 30305). The trial court sentenced defendant to two years' probation. Shortly thereafter, as defendant admitted, he violated the terms and conditions of probation. The

---

[1] Undesignated statutory references are to the Penal Code.

1

trial court denied defendant's request to reinstate probation and imposed the upper term of three years on the section 21310 offense and a consecutive sentence of eight months (one-third the middle term) on the section 30305 offense.

On appeal, defendant contends the legislative changes to section 1170 made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) and Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Assembly Bill 124) require remand for resentencing. We conclude that, while the changes to section 1170, subdivision (b)(1)-(3) made by Senate Bill 567 may not require remand in this instance, the changes proposed by Assembly Bill 124 to section 1170, subdivision (b)(6) do.[2] Therefore, we remand for resentencing. In addition, under Assembly Bill No. 1869 (2019-2020 Reg. Sess.), we vacate the probation supervision fee imposed by the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

The amended petition for hearing regarding violation of probation alleged that in June 2021 defendant was granted two years' formal probation in a case involving violation of section 21310 and a separate case involving violation of section 30305. The petition alleged that defendant violated probation in three instances in August and

---

[2] Assembly Bill 124 is not independently operative. In 2021, three bills proposing changes to section 1170 were enacted by the Legislature and signed by the Governor on the same day: Assembly Bill 124 (Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, § 2), and Senate Bill 567 (Stats. 2021, ch. 731, § 1.3). (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 (*Flores I*); *People v. Banner* (2022) 77 Cal.App.5th 226, 243, fn. 2 (conc. & dis. opn. of Detjen, J.).) Since Senate Bill 567 was the last bill the Governor signed and bears the highest chapter number, its amendments to section 1170 prevail over the amendments to that section specified in the other two bills. (Gov. Code, § 9605, subd. (b); *In re Thierry S.* (1977) 19 Cal.3d 727, 738-739.) However, Senate Bill 567 states that if that bill is enacted last of the three, section 1.3 of the bill incorporating the amendments proposed by Assembly Bill 124 and Assembly Bill No. 1540 shall become operative. (Stats. 2021, ch. 731, § 3.) Therefore, the amendments to section 1170, subdivision (b)(6) that defendant contends were made by Assembly Bill 124 became operative only through Senate Bill 567.

2

September 2021. After initially denying the probation violations, defendant changed his plea and admitted them.

At the sentencing hearing, the trial court stated that it had reviewed and considered a 2018 probation report and three supplemental 2021 probation reports. These reports documented defendant's multiple convictions and sustained juvenile petitions, as well as the fact that he was on probation at the time he committed the underlying offenses. Defendant's extensive juvenile record, detailed in the 2018 probation report, began with a sustained petition for exhibiting a deadly weapon (§ 417, subd. (a)(1)) in 2007 and concluded with five sustained petitions for robbery (§ 211), which resulted in defendant's commission to the California Youth Authority from 2010 until 2017. Defendant's juvenile record also included multiple probation violations.

Defense counsel requested that the court reinstate probation and give defendant "a mental health evaluation because I believe part of his issue is mental health. When I talked to him, he indicated as a juvenile he was diagnosed with, I think it was schizophrenia, bipolar, and other mental health issues." Alternatively, defense counsel urged the court to impose the middle or lower term prescribed for the offenses.

The trial court found a factual basis for the change of plea and probation violations, adjudged defendant guilty of the underlying offenses, and found true the violation of probation. The court determined that defendant was statutorily ineligible for probation except in an unusual case (§ 1203, subd. (e)(4)) and that defendant did not meet the criteria for an unusual case (Cal. Rules of Court, rule 4.413).[3] The court further stated that, even if defendant were not statutorily ineligible, probation would be denied, inter alia, because defendant's "prior record of criminal conduct indicates a pattern of regular and increasingly serious criminal conduct . . . ."

---

[3] Undesignated rule references are to the California Rules of Court.

The trial court stated it had reviewed the circumstances in aggravation (rule 4.421) and mitigation (rule 4.423), concluding that the former outweighed the latter and the upper term was the appropriate term. The court further explained: "Specifically in aggravation, the Court would note the defendant's sustained petitions as a juvenile are numerous or of increasing seriousness in nature. The defendant's prior performance on juvenile probation was unsatisfactory. [¶] In mitigation, the Court would note defendant's long-standing controlled substance addiction, and I take at face value the statements of Counsel of possible mental health condition that could have impacted his conduct. I have weighed all of these factors in aggravation and mitigation and find that the upper term is the appropriate term."

## DISCUSSION

### I

### *Senate Bill 567*

Defendant contends that the amendments made by Senate Bill 567 to section 1170, including subdivision (b)(1)-(2) and (6), constitute ameliorative legislation that applies retroactively to cases such as his still pending on appeal and requires this court to vacate his sentence and remand to the trial court for resentencing.

As amended, section 1170, subdivision (b)(1) provides that a trial court "may impose an upper term sentence only where there are aggravating circumstances, and the defendant has either stipulated to the facts underlying those circumstances or such facts have been found true by a judge or jury beyond a reasonable doubt. (§ 1170, subd. (b)(1)-(2).) In making this determination, the 'court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.' (§ 1170, subd. (b)(3); Stats. 2021, ch. 731, § 1.)" (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores II*).)

Section 1170, subdivision (b)(6) provides in relevant part: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that

4

imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation or sexual violence."

The Attorney General concedes these amendments are retroactive and apply to defendant's nonfinal case pending on appeal. We accept the Attorney General's concession. (See *Flores II, supra*, 75 Cal.App.5th at p. 500; *Flores I, supra*, 73 Cal.App.5th at p. 1039.)

The Attorney General contends, however, that defendant does not benefit from the amendments to section 1170, subdivision (b).

We begin with section 1170, subdivision (b)(1)-(2). Defendant did not stipulate to the aggravating circumstances specified by the trial court in imposing the upper term, nor were they found true beyond a reasonable doubt. The Attorney General argues that the court relied on certified records of prior convictions, citing instances in the record where the trial court stated that it had reviewed certified records of defendant's prior convictions or juvenile adjudications.

Although remand might be unnecessary given certified records of defendant's prior convictions and juvenile adjudications, as well as his poor performance on probation, documented in the probation reports the trial court had reviewed (see *Flores II, supra*, 75 Cal.App.5th at pp. 500-501), we need not reach this issue, because we conclude remand is required under section 1170, subdivision (b)(6).

In support of remand under section 1170, subdivision (b)(6), defendant cites portions of the record, inter alia, that: (1) in striking the strike prior, the trial court observed that "the defendant, as noted by defense counsel, suffered a difficult childhood and transition in early adult life"; (2) defendant's father was disabled and his mother had been incarcerated for drug possession; (3) defendant was declared a ward of the court at

5

age 14 in 2007; (4) since age 17, defendant had been incarcerated for most of his life and, when not incarcerated, he was homeless; (5) from the age of 12, defendant's marijuana use was extensive, and since his release from California Youth Authority in 2017, he had been addicted to methamphetamine; (6) in the 2018 probation report, defendant stated that he had been diagnosed with bipolar disease and schizophrenia while in " 'DJJ' " but then was " 'undiagnosed' "; and (7) after being recently terminated from a rehabilitation program, defendant reported he was depressed and suicidal.

Further, as mentioned, at sentencing defense counsel requested a mental health evaluation and the court took "at face value" defense counsel's statements of "possible mental health condition that could have impacted [defendant's] conduct . . . ."

Defendant argues that this record shows that he "suffered from significant and extensive trauma throughout his life . . . ." The Attorney General responds that (1) defendant failed to explain how the circumstances he cites qualify as psychological trauma within the meaning of section 1170, subdivision (b)(6), thereby forfeiting the issue; (2) the circumstances that defendant relies on do not in fact constitute psychological trauma under the statute; and (3) there is no evidence that defendant's claimed trauma contributed to his commission of the offenses. The Attorney General misses the point.

The trial court did not have the benefit of section 1170, subdivision (b)(6) at the time of defendant's sentencing hearing and as such, did not conduct the analysis required of that section. When the trial court imposed sentence, defendant was not entitled to a presumptive lower term upon a showing that mental illness resulted in psychological trauma, which was a "contributing factor in the commission" of his offenses. (§ 1170, subd. (b)(6).) Defendant thus had less incentive to develop a record regarding these issues. By the same token, the trial court had less incentive to assess whether psychological trauma was a contributing factor. (See *People v. Banner, supra*, 77 Cal.App.5th at p. 242 ["record is likely incomplete relative to statutory factors enacted

6

after judgment [is] pronounced"], citing *People v. Frahs* (2020) 9 Cal.5th 618, 637-638.) When a sentencing court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) The record before us does not make it clear that the trial court would have imposed the upper term had section 1170, subdivision (b)(6) been in effect at the time. (*Banner*, at p. 242.)

On remand, defendant, as well as the Attorney General, will have the opportunity to present additional evidence and information to permit the trial court to make the necessary findings and exercise the discretion afforded by section 1170, subdivision (b).[4]

## II

### *Assembly Bill No. 1869*

When defendant was placed on probation, the trial court imposed a probation fee under section 1203.1b of $164 per month for 24 months. After defendant violated probation, the court ordered defendant to pay all fines and fees previously ordered.

Assembly Bill No. 1869 (2019-2020 Reg. Sess.), operative July 1, 2021, repealed former section 1203.1b (Stats. 2020, ch. 92, § 47), and enacted section 1465.9, which provides in relevant part: "The balance of any court imposed costs pursuant to Section . . . 1203.1b . . ., as [that] section[ ] read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a); Stats. 2020, ch. 92, § 62.)

---

[4] Because we remand for resentencing, we need not reach defendant's claim of error, based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, that assessments and a restitution fine imposed in his sentence without a determination of his ability to pay them violated due process. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

7

Accordingly, any balance still owing of the $164 monthly cost of probation fee imposed pursuant to section 1203.1b is now "unenforceable and uncollectable." (§ 1465.9, subd. (a).) Further, the portion of the judgment imposing such costs must be vacated. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626-627; *People v. Pacheco* (2022) 75 Cal.App.5th 207, 214-215.)

## DISPOSITION

The case is remanded to the trial court to resentence defendant consistent with section 1170, subdivision (b). The order imposing a monthly probation supervision fee of $164 is vacated. In all other respects, the judgment is affirmed.


/s/

EARL, J.

We concur:


/s/

ROBIE, Acting P. J.


/s/

MAURO, J.